# Edward Bartlett, Adm'r, v. The Cicero Light, Heat and Power Co.

1. CORPORATIONS—*Liability for Negligence While in the Hands of a Receiver.*—An action will not lie against a corporation, to which its assets and the control of its affairs have been returned from a receiver appointed by a court of chancery, in a suit in which the corporation was defendant, for an injury caused by negligence in the operation of an electric plant of such corporation, during the time of the receiver.

Trespass on the Case.—Death from negligent act. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed March 29, 1897.

CYRUS J. WOOD, attorney for appellant, contended that the appointment of a receiver to manage the business of a corporation does not dissolve the corporation, which still exists, with its powers not enlarged or restricted, and may still exercise its franchises. Its capacity of being sued is not affected. The receiver is legally the agent of the company although under the direction of the court. The title to the property is not affected. Heffron v. Gage, 149 Ill. 182; Safford et al. v. People, 85 Ill. 558; Rep. Life Ins. Co. v. Swigert et al., 135 Ill. 176; T. W. & W. R. R. Co. v. Beggs, 85 Ill. 80; Wyatt v. O. & M. R. R. Co., 10 Ill. App. 289; Kincaid v. Dwinelle, 59 N. Y. 548; O. & M. R. R. Co. v. Fitch, 20 Ind. 498; Beach on Rec., Sec. 335; Am. & Eng. Ency. of Law, Vol. 20, p. 125, and cases cited.

The receiver has only the temporary management of the company's affairs, the corporation still exists and has a right to build a fence, and is liable if it is not built. O. & M. R. R. Co. v. Russell, 115 Ill. 52.

Where the receiver is discharged, and the property restored with improvements, the company is liable for accidents during the receivership. Cook on Stock and Stockholders and Corporation Law, 3d Ed., Sec. 875, note 2, p. 1447, 1448, citing among other cases: Brown v. Rosedale St. Ry. 15 S. W.

Rep. 120; Texas, etc., Ry. v. Geiger, Id. 214; Texas, etc., Co. v. Bloom, 20 S. W. Rep. 133; Bloomfield R. R. v. Van Slike, 107 Ind. 480.

So also if, during the receivership, net income is applied to the permanent improvement of the railroad property and the receivership is afterward discharged and the road again turned over to the company, then the company is liable for torts during the receivership to the extent of such net income so applied. Am. & Eng. Ency. of Law, Vol. 20, p. 389; Texas, etc., R. R. Co. v. Johnson, 76 Texas, 421; Texas, etc., R. R. Co. v. White, 18 S. W. Rep. 481.

Damages for injuries to persons or property during the receivership caused by the torts of the receiver's agents and employes are classed as operating expenses and are accorded the same priority of payment as belongs to other necessary expenses of the receivership. Am. & Eng. Ency. of Law, Vol. 20, p. 385, and cases cited; Green v. Coast Line R. Co., 24 S. E. Rep. 814; Sloan v. Cent. Iowa Co., 62 Iowa, 728; Mo., etc., R. R. Co. v. McFadden, 32 S. W. Rep. 18; Yoakum et al. v. Kroeger and wife, 27 S. W. Rep. 953.

Cutting, Castle & Williams, attorneys for appellee, contended that when a railroad is in the hands of a receiver who has full possession of its property, and entire charge of its affairs, the corporation itself is not liable for damages or injury caused by the acts or negligence of such receiver, or of his agents or employes. Washington, etc., R. Co. v. Brown, 17 Wall. 445; Davis v. Duncan, 19 Fed. Rep. 477; Metz v. Buffalo, etc., R. R. Co., 58 N. Y. 61; Leathers v. Ship Builders' Bank, 40 Me. 386; Godfrey v. The Ohio, etc., R. R. Co., 116 Ind. 30; Memphis Ry. Co. v. Stringfellow, 44 Ark. 322; Turner v. H. & St. J. R. R. Co., 74 Mo. 602; Am. & Eng. Ency. of Law, Vol. 20, p. 387.

Mr. Justice Gary delivered the opinion of the Court.

A majority of the court are inclined to believe that the reasons upon which McNulta v. Lockridge, 137 Ill. 270, was decided, should be sufficient to induce a reversal of this judgment.

The single question is, will an action lie against a corporation, to which its assets and the control of its affairs have been returned from a receiver appointed by a court of chancery, for injury caused by negligence in the operation of an electric plant of the corporation, during the time of the receiver?

But the opinion in the case cited assumes as unquestioned law, that no action will lie against a corporation under such circumstances, and though what is there said upon the point is perhaps *obiter*, we may not disregard it, in accordance as it is with the current of authority. With the law in this condition, it is better, practically, to find out whether the action will lie before incurring further expense in a trial.

The judgment that the action will not lie is affirmed.